IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  25-CR-20097-HLT-TJJ |
| ) | |
| MARCO CARILLO, ) | |
| ) | |
| Defendant. ) | |

### ORDER DENYING MOTION FOR PRETRIAL DETENTION

Defendant Marco Carillo ("Carillo") is charged with one count of illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5). At the December 10, 2025 detention hearing, the Government moved to detain Carillo pretrial, arguing he is a danger to the community. The Court denied the motion and ordered Carillo released on conditions, but granted the Government's oral motion to stay the release order pending appeal of the detention order to the assigned District Judge. This order explains the Court's reasons for denying the Government's motion for pretrial detention.

**I.     Procedural Background**

The one count Indictment against Carillo was filed on November 19, 2025 (ECF No. 11) and Carillo was arrested on November 25, 2025.

Carillo's initial appearance was conducted on November 26, 2025. On the Government's motion, Carillo was detained temporarily under 18 U.S.C. § 3142(d). On December 10, 2025, the Court conducted the detention hearing in the case. The Government requested detention pursuant to 18 U.S.C. § 3142(f)(1)(E), arguing there is no

condition or combination of conditions that would reasonably assure the safety of any other person and the community. The Government indicated it was not seeking detention on grounds that no condition or combination of conditions would reasonably assure the appearance of Carillo. Thus, the Government did not present, and the Court did not consider, any evidence that Carillo poses a flight risk. The Government also acknowledged that there is not a rebuttable presumption of detention in this case.

The Government presented two witnesses at the detention hearing. Carillo did not present any defense witnesses. The Court also considered the Pretrial Services Report in the case, and heard the information proffered and arguments of counsel for both the Government and Carillo.

At the conclusion of the hearing, the undersigned Magistrate Judge ordered Carillo released subject to conditions. The Government indicated its intent to appeal that decision to the assigned District Judge and the undersigned agreed to stay its ruling pending the appeal. Also as stated at the conclusion of the hearing, the undersigned is entering this Order summarizing and explaining its ruling from the bench.

**II.      Legal Standard**

The Bail Reform Act, 18 U.S.C. § 3142, sets out the framework for evaluating whether pretrial detention is appropriate. It provides the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required

and the safety of any other person and the community."[1] In making this determination, the court must take into account the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[2]

The Bail Reform Act also provides a rebuttable presumption that "no condition or combination of conditions will reasonably assure" the appearance and the safety of any other person and the community in certain situations.[3] As noted above, however, the Government has conceded that no rebuttable presumption of detention applies in this case.

---

[1] 18 U.S.C. § 3142(e).

[2] 18 U.S.C. § 3142(g)(1)–(4).

[3] *See* 18 U.S.C. § 3142(e)(2) and (e)(3).

The Government has the burden to "prove dangerousness to any other person or the community by clear and convincing evidence."[4] The burden of persuasion regarding risk of flight and danger to community always remains with the government.[5]

Because the Government is not arguing that Carillo is a flight risk and is not claiming a rebuttable presumption of detention applies in this case, this Court must decide a single issue: Whether the Government has met its burden to show by clear and convincing evidence that, if Carillo were released, no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.

### III. Facts

The Indictment charges Carillo with one count of Illegal Alien in Possession of a Firearm. Specifically, the Indictment alleges that, on February 18, 2025, Carillo while knowing he was a person who is not a citizen or national of the United States, knowingly possessed three firearms, described in the Indictment as: 1) an Olympic Arms 5.56x45 mm caliber firearm, Model M.F.R.; 2) a CMMG 5.56x45 mm caliber firearm, Model MK-4; and 3) a Hi-Standard .22 revolver.

At the detention hearing HSI Special Agent Tanner Palmer testified Carillo sold two AR-15 style weapons to an undercover agent on February 18, 2025, and then came back later that same day to sell a revolver to an undercover agent. Counsel for the Government proffered that these sales were both audio and video recorded by the Government. Special

---

[4] *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

[5] *United States v. Slayden*, No. 17-10154-JWB, 2018 WL 2388908, at *1–2 (D. Kan. May 25, 2018) (citing *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002)).

Agent Palmer testified he determined subsequently that Carillo is illegally in the country. He also testified that there is an ICE detainer for Carillo so, if released, Carillo would go into ICE proceedings and be placed into ICE custody. When pressed by defense counsel, Special Agent Palmer testified it would be incredibly unusual for ICE not to initiate removal proceedings in such circumstances.[6]

At the detention hearing, Deputy U.S. Marshall Dent also testified for the Government. He testified at length regarding the arrest of Carillo at his home on November 25, 2025. Law enforcement officers had been surveilling Carillo that day. Ultimately, Carillo left home in his white Tahoe vehicle and made several stops, including one at a Little Caesar's Pizza shop.

Upon Carillo's return home, Deputy Dent waited until Carillo moved away from his vehicle and then, while Carillo was on the front porch of the house, called out to him. Deputy Dent testified he called Carillo by name (Marco) and announced he was a U.S. Marshal with a warrant. Deputy Dent called out again, telling Carillo to stop and get on the ground. Deputy Dent testified that Carillo was carrying a pizza or something and appeared concerned, but he did not comply with the Deputy's commands and instead stepped inside the house. A female was also in the house.

---

[6] As it announced during the hearing, the Court is not considering the ICE detainer in its decision, finding it has little or no bearing on whether Carillo is a danger to others and the community. *See United States v. Peralta*, No. 25-10080-JWB, 2025 WL 2444151, at *3 (D. Kan. Aug. 25, 2025) (finding ICE detainer had little if any bearing on the flight risk or danger to the community posed by the defendant). *See also United States v. Salas-Urenas*, 430 F. App'x 721, 723 (10th Cir. 2011) (an ICE detainer alone does not justify detention).

During this time, there were up to six law enforcement vehicles at the house with emergency lights on and a number of law enforcement officers present, all wearing bullet-proof vests clearly marked as law enforcement officers. After Carillo stepped inside the house, another law enforcement officer, observing Carillo through the front door, saw him toss a gun toward the window or door and yelled, "He dropped the gun." Deputy Dent at the time misunderstood and questioned whether Carillo still had the gun. Deputy Dent was near the front door by this time. He grabbed Carillo and pulled him to the ground. The gun was recovered and contained one round in the chamber. Deputy Dent testified that Carillo seemed to understand some English.

## IV.  Analysis of Factors

### A.  Nature and circumstances of the offense charged

Carillo is a citizen of Mexico without lawful status in the United States and he is charged with one count of Illegal Alien in Possession of a Firearm, in violation of 18 U.S.C. 922(g)(5). The Government argues this charge combined with the potential for a second charge of illegal alien in possession of a firearm stemming from the alleged possession by Carillo of a firearm at the time of his arrest provides sufficient evidence that Carillo presents a danger to the community. But there is no evidence that a second charge has been filed.[7] The Court therefore will not consider this "potential" additional charge against Carillo in its consideration of the nature and circumstances of "the offense charged."

---

[7] The Government notes this will be a decision for the authorities in the Western District of Missouri.

There is no rebuttable presumption of detention based upon a single charge of the sale of three firearms on one day. Nor is there any allegation in this case that Carillo was also dealing drugs or that he was intoxicated while in possession of the firearms that are the subject of the Indictment.[8] Unlike *Slayden* and *Peralta*, there is not another related charge in addition to the possession of firearms that supports a finding of clear and convincing evidence of a danger to the community in this case.

Carillo argued that the charged offense occurred on February 8, 2025, but the Government did not file a complaint at that time or pursue and obtain an indictment until approximately nine months later. The Court agrees with the defense that this also suggests the Government was not especially concerned Carillo posed a danger to others and the community based on the nature of the alleged charge. The Court concludes this factor does not weigh in favor of detention.

**B.    Weight of the evidence**

The Government's proffer indicates the evidence against Carillo on the charge against him is strong. The Government noted Carillo is charged with selling firearms to an undercover agent or agents. And, the Government indicated it has video and audio recordings of these transactions. This factor weighs in favor of detention.

---

[8] 18 U.S.C. § 3142(e)(3)(A) & (B). See *Slayden*, 2018 WL 2388908, *2 ("[T]he distribution of methamphetamine, combined with the possession of firearms, represents activities that are inherently dangerous to the community, as well as the people involved in this sort of illegal activity."). *U.S. v. Peralta*, 2025 WL 2444151 (D. Kan. August 25, 2025) (illegal possession of a firearm while intoxicated and with prior convictions for criminal use of a weapon counsels in favor of detention as such conduct is a danger to the community).

### C.    History and characteristics of Defendant

As required by 18 U.S.C. § 3142(g)(3), the Court considers numerous aspects of Carillo's history and character in evaluating whether there are conditions of release that would reasonably assure his appearance and the safety of others and the community. The pertinent factors included under 18 U.S.C. § 3142(g)(3)(A) are the person's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings."

It is undisputed Carillo has significant ties in the community. Carillo has lived in the Kansas City metropolitan area for the past 28 years and has lived at his current address for nearly 16 years. He has four adult children, three who live in the United States, and he maintains close relationships with them. He also maintains close relationships with his siblings, some of whom reside in the Kansas City metropolitan area. Carillo has been employed working as a plumber doing "odd jobs" for the past eight months. Prior to that, he worked with the same contractor for 20 years doing plumbing and painting jobs in the community.

The Pretrial Services Report lists no prior criminal convictions for Carillo.[9] He has one prior arrest on April 11, 2024, in Wyandotte County, Kansas for distribution or possession with intent to distribute heroin/certain stimulants and drug paraphernalia, but he was released on bond and the charges in that case were later dismissed. Carillo reports

---

[9] It also shows only an active warrant on a misdemeanor "public peace" charge.

weekly alcohol use and occasional use of cocaine and no history of a current or past mental health condition. There is no evidence Carillo has failed to appear for any prior court hearings. At the time of the current offense or his arrest, Carillo was not on probation, parole, or on release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. This is a rare case in which the defendant has essentially no criminal history over nearly three decades living in the Kansas City area. Based upon the length of time Carillo has lived and worked in the community and his lack of prior criminal history, the Court finds Carillo's history and characteristics weigh significantly against his detention.

### D.     Danger to the community

A federal court must order the release of a person subject to conditions pending trial unless the court determines that a release will endanger the safety of another person or the community.[10] "The concern about safety is to be given a broader construction than the mere danger of physical violence. Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community."[11]

The Government relies upon evidence of Carillo's alleged firearms charge combined with his possession of a firearm at the time of arrest for its argument his release will endanger the safety of others and the community. While Carillo was carrying a firearm at the time he was arrested, he otherwise has no violent criminal history and there is no

---

[10] *See* 18 U.S.C. § 3142(b).

[11] *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

indication he posed a threat to the community over the 28 years he has lived and worked as a plumber in the Kansas City area.

During Carillo's arrest, he did not run from or attempt to flee law enforcement. He stepped into his house and immediately dropped his firearm. He never pointed the firearm at the law enforcement officers or raised it in a threatening manner. He surrendered peacefully when the deputy apprehended him. The Government has not met its burden to show Carillo's alleged dangerousness to any other person or the community by clear and convincing evidence. This factor weighs against detention.

## IV. Conditions of Release

The Court finds the Government has not met its burden to show by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community.[12] Here, the Court further finds the conditions of release imposed will reasonably assure Carillo's appearance as required and the safety of others and the community. The assigned U.S. probation officer recommended release subject to extensive conditions, including possession of no firearms. In addition to the conditions recommended by the probation officer, the Court added conditions that Carillo be subject to a curfew as directed by the probation officer and that he be subject to location monitoring. Given the history and characteristics of Carillo and most notably his lack of criminal history over 28 years, the Court finds the extensive

---

[12] The ultimate determination of whether, by clear and convincing evidence, the defendant presents a danger to others or the community must take into account whether the Court can impose conditions that will ensure safety.

conditions imposed, as set forth in the Order Setting Conditions of Release (ECF No. 9), will reasonably assure the safety of others and the community.

**IT IS THEREFORE ORDERED** that the Government's motion for pretrial detention is DENIED.

**IT IS FURTHER ORDERED** that the Government's oral motion to stay the release order is GRANTED. This Order and the Order Setting Conditions of Release are stayed pending appeal of this order to the assigned District Judge.

Dated December 12, 2025 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge